IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDYWINE VILLAGE ASSOCIATES, <br><br> Plaintiff, <br><br> v. <br><br> CARLINO EAST BRANDYWINE, L.P., et al., <br><br> Defendants. | CIVIL ACTION <br> NO. 16-5209 |

## MEMORANDUM

**SCHMEHL, J.  /s/ JLS**                                                              **MARCH  27, 2018**

Brandywine Village Associates ("BVA") moves for preliminary injunction against Defendants Brandywine Township, Carlino East Brandywine, L.P., Christina B. Watters, Katherine M. Kettlety, Frank E. Watters, Jr., and Thomas R. Watters.[1]  BVA's preliminary injunction attempts to stop Defendants from inflicting harm on BVA and unlawfully conspiring to harm competition and the consuming public in the East Brandywine Township full-service supermarket market.  For the reasons that follow, Plaintiff's motion for preliminary injunction will be denied.

**I.     FACTS**

Plaintiff BVA is a Pennsylvania partnership which owns Brandywine Village Shopping Center.  Because this Court has written extensively on the matter, some of the background can be carried over from this Court's prior opinion dismissing the Township:

> Brandywine Village Shopping Center was built in 1995 and was by all accounts a "successful retail center with a thriving supermarket anchor tenant." At the moment, however, the shopping center is without a supermarket (anchor

---

[1] BVA moved for for preliminary injunction prior to adding Giant Food Stores, LLC as a named Defendant.  BVA filed its motion for preliminary injunction November 28, 2016.  BVA added Giant Food Stores around March 29, 2017.

tenant), affecting the local township which lacks a conveniently located supermarket. Prior to the shopping center losing its supermarket anchor tenant, the shopping center enjoyed stable occupancy from its other tenants. However, with the supermarket's departure and inability to sign a new anchor tenant, the once stable center is now struggling to retain its tenants.

      Since 2008, Defendant Carlino has attempted to develop a shopping center, the East Brandywine Center – in close proximity to Brandywine Village Shopping Center – and sign Giant Food Stores supermarket as its anchor tenant. In 2011, Carlino and its representatives met frequently with Brandywine Township to discuss the development plan and intent to lease its anchor tenant space to Giant supermarket.

      On October 3, 2014, the Township passed a resolution of condemnation of Brandywine Village's easements. On November 14, 2014, the Township filed a declaration of taking against Brandywine Village in the Chester County Court of Common Pleas. After numerous challenges to Carlino's development plans and subsequent appeals by BVA concerning purported "non-waivable zoning defects," the Township conditionally approved Carlino's development plans in 2016.

      On January 6, 2017, following another appeal by BVA, Judge Nagle of the Chester County Court of Common Pleas issued an Order denying BVA's appeal of the conditional approval of Carlino's development plan. In the Order, Judge Nagle states, "Pursuant to the MOU's terms, the Township has condemned certain easements located on Carlino's property that now benefit Brandywine's adjacent property, which will allow location of the Connector Road within those easement areas. We observe that the Township has not condemned the underlying fee within which the easements exist. Carlino has agreed to construct the road on its property to specifications consistent with its dedication to the Township as and for a public road." (ECF Doc. No. 79-2, at 9.)

Upon reviewing the facts of the case at this stage, this Court dismissed Brandywine Township from the action because BVA failed to meet its burden to prove it could sustain a successful action against them. Plaintiff's moved for preliminary injunction on May 22, 2017, requesting this Court stop "Defendants' unlawful conspiracy" against the Brandywine Village shopping center. Plaintiff argues irreparable harm if "Defendants are not enjoined from pursuing their unlawful, anticompetitive scheme. (ECF Docket No. 35-1, at 1.)

## II.    STANDARD OF REVIEW

Moving for preliminary injunctive relief under Federal Rule of Civil Procedure 65 requires district courts consider the following four factors: "(1) the likelihood that the moving

party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest." *Shire US Inc. v. Barr Laboratories, Inc.*, 329 F.3d 348, 352 (3d Cir. 2003); *see also Clean Ocean Action v. York*, 57 F.3d 328, 331 (3d Cir. 1995); *AT&T Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994). In applying these factors, "the plaintiff need only prove a prima facie case, not a certainty that he or she will win." *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 173 (3d Cir. 2001). While injunctive relief is only awarded after weighing all four factors, as a practical matter, "if a plaintiff demonstrates both a likelihood of success on the merits and irreparable injury, it almost always will be the case that the public interest will favor the plaintiff." *Winback*, 42 F.3d at 1427 n.8.

### III. ANALYSIS

In order to satisfy the first prong for injunctive relief, Plaintiff must show the likelihood of success on the merits of its Antitrust claim. Again, Plaintiff need only prove the existence of a prima facie case, and not a certainty it will win. In a related Opinion, this Court dismissed Brandywine Township from this litigation given Plaintiff's failure to plead a plausible right to relief against the Township. However, this Court found Plaintiff proved the existence of a prima facie case against Carlino East Brandywine, Christina B. Watters, Katherine M. Kettlety, Frank E. Watters, Jr., Thomas R. Watters, and Giant Food Stores, LLC. In the Opinion, we accepted Plaintiff's lengthy allegations as true, and concluded the case is best decided on a full factual record of a Rule 56 motion. Given our decision allowing the claims against the remaining Defendants, Plaintiff may succeed on the merits of its Antitrust claims where Plaintiff only needs to prove a prima facie case. But because Plaintiff fails to show irreparable harm below, further

discussion of Plaintiff's potential success on the merits is unnecessary. Accordingly, this Court will address the second prong: irreparable harm.

Generally, irreparable harm is not satisfied if the injury is "purely economic [ ], compensable in money." *Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.*, 864 F.Supp.2d 316, 325 (E.D. Pa. 2012). Irreparable harm is issued if the potential harm demonstrated cannot be redressed by a legal or equitable remedy following a trial. *Id.* (citing *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989)). Specifically, "grounds for irreparable injury include 'loss of control of reputation, loss of trade, and loss of good will.'" *Id.* (citing *Pharmaceuticals, Inc. v. Andrx Corporation*, 369 F.3d 700, 726 (3d Cir. 2004)). The movant has the burden of proving a "clear showing of immediate irreparable injury." *Id.* (citing *ECRI v. McGraw–Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)). The injury alleged must be irreparable – not just serious or substantial – and must be "peculiar in nature, so that compensation in money cannot atone for it." *Id.* (quoting *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)).

In its brief, Plaintiff argues it will suffer irreparable harm unless this Court grants injunctive relief. Specifically, Plaintiff argues:

> By continuing to take concerted actions, including sham litigation, to harm competition in the service of Carlino's (and Giant's) pecuniary interests, the Defendants and others are continuing to cause Brandywine Village (1) harm to its financial interests that is difficult or impossible to measure prospectively with any degree of certainty, and (2) harm to its goodwill, reputation, and ability to attract future tenants and business to Brandywine Village Shopping Center.

(ECF Docket No. 35-1, at 13.) While Plaintiff relies on the damage to its goodwill and reputation, it still heavily relies on its pecuniary interests as a basis for injunctive relief to issue. (Id.)

4

Plaintiff argues it will suffer irreparable harm if no injunctive relief is issued because Defendants' actions have made it unable to attract future tenants and business to Brandywine Village and forcing Plaintiff to spend considerable sums of money fighting the "sham proceedings." (Id. at 13-14.) Plaintiff alleges, unless an injunction is ordered, "Brandywine Village will continue to suffer a potentially catastrophic drain to its financial resources to resist Defendants' continuing efforts to invade Brandywine Village's property rights and disrupts its business operations" and risk losing its existing tenants. (Id. at 14.)

As noted above, Plaintiff claims the harm to its financial interests is "difficult or impossible to measure prospectively with any degree of certainty." (Id. at 13.) This argument lacks merit. Our Circuit has held "[a]n inability to precisely measure financial harm does not make that harm irreparable or immeasurable." *Echols v. Arthur Pelullo & Banner Promotions, Inc.*, 2003 WL 1797950, at *2 (E.D. Pa. 2003) (citing *Acierno v. New Castle County*, 40 F.3d 645, 655 (3d Cir. 1994)). Therefore, Plaintiff's reliance on financial detriment as a basis for irreparable harm is misplaced and therefore fails.

## IV. <u>CONCLUSION</u>

In the accompanying order, this Court denies Plaintiff Brandywine Village Associates' motion for preliminary injunction. Given Plaintiff's reliance on financial detriment as its basis for irreparable harm, this Court is prevented from issuing a preliminary injunction.