IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDYWINE VILLAGE ASSOCIATES, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 16-5209 |
| CARLINO EAST BRANDYWINE, L.P., et al., | |
| Defendants. | |

**MEMORANDUM**

**SCHMEHL, J.** /s/ JLS                                                                 **AUGUST 7, 2018**

Defendants Carlino East Brandywine, L.P. ("Carlino"), Katherine M. Kettlety, Christina B. Watters, Frank E. Watters, Jr., and Thomas R. Watters ("Individual Defendants"), move this Court to abstain or stay the current proceedings in favor of the state court proceedings.[1] Defendants argue for abstention given the parallel proceedings, or in the alternative, staying this action until the state court proceedings are resolved. Brandywine Village Associates ("BVA") opposes abstention and a stay arguing the state court proceedings are independent from its current antitrust claim against Defendants. For the reasons that follow, Defendants' request for abstention is denied, but Defendants' request for a stay is granted.

**I. FACTS**

Plaintiff BVA is a Pennsylvania partnership which owns Brandywine Village Shopping Center. Individual Defendants are property developers, equitable owners, and estate representatives. Because this Court has written extensively on the matter, some of the

---

[1] Giant Food Stores, LLC ("Giant") joined Carlino and Individual Defendants in moving this Court to abstain or stay from adjudicating this matter.

background can be carried over from this Court's prior opinions dismissing the Township and denying BVA's injunctive relief. (ECF Docket No. 168; ECF Docket No. 171.)

Multiple "parallel" state court proceedings are currently pending or under appeal. (ECF Docket No. 189, at 1.) Specifically, there are five actions at issue, including appeals in the Commonwealth Court and the Superior Court. (Id.) The first state court action consists of three consolidated actions: one relating to Carlino's 2011 development plan, and two relating to the Cross-Easement Agreement. (Id. at 2.) "The three consolidated lawsuits were (i) a zoning appeal by BVA and its supermarket tenant at the time, 'AWI' pertaining to Carlino's 2011 development Plan for the property at issue here (Case No. 2011-04818-ZB); (ii) a declaratory judgment action by Carlino against BVA regarding the enforcement and interpretation of the Easement Agreement . . . (Case No. 2011-05037); and (iii) a declaratory judgment action by BVA against Carlino also relating to the Easement Agreement (Case No. 2011-05189)." (Id.) The second state court action is BVA's challenge to East Brandywine Township's approval of Carlino's 2014 development plan (Case No. 2015-01448-ZB). (Id. at 3.) The third state court action is the Township's condemnation action (Case No. 2014-11237). (Id.) The Fourth state court action is Carlino's tort claim against BVA and several defendants unrelated to BVA's antitrust action in this Court (Case No. 2015-02938). (Id.) And the fifth state court action is BVA's challenge to the Township's approval of Carlino's 2015 development plan (Case No. 2016-04843). (Id. at 4.)

Defendants argue BVA's zoning appeal in the first state court action was resolved and the remaining consolidated declaratory actions were resolved in favor of Carlino when BVA's claims to easements under the Easement Agreement were terminated. Also, on July 2, 2018, the Commonwealth Court affirmed the lower court's decision overruling all of BVA's preliminary

objections to the Township's taking. (ECF Docket No. 196, Ex. A.) And in the fifth state action, the lower court denied BVA's challenge the Township's approval of Carlino's 2015 plan, but reversed on the Connector Road issue. (ECF Docket No. 189, at 4.) As we will discuss below, not all of the parties in each of the five state court actions are identical or relate.

II. **ANALYSIS**

    a. <u>Abstention under *Colorado River* is inappropriate in this case.</u>

The doctrine of abstention in *Colorado River* as stated by the Supreme Court is an extraordinary and narrow exception "to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 813 (1976). Abstention is justified only in exceptional circumstances "where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Colorado River*, 424 U.S. at 813 (citing *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-189 (1959)). Generally, as between state and federal courts, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ." *Id.* at 817 (citing *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).

*Colorado River* provides us with six factors to determine whether abstention is warranted. As a threshold matter, the state and federal actions must be parallel before applying the *Colorado River* factors. If the proceedings are parallel, the court then applies these six factors: 1) the inconvenience of the federal forum; 2) the court first assuming *in rem* jurisdiction to the exclusion of other courts; 3) the desirability of avoiding piecemeal litigation; 4) the order in which the concurrent forum obtained jurisdiction; 5) the adequacy of the state proceedings to resolve the federal claims; and 6) which forum's substantive law governs the merits of the litigation. *Id.* at 818-20 (citations omitted); *see also Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir.

3

1997). No one factor is dispositive and we must account for "both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise." *Id.* at 818-19.

### i. Parallel Actions

Before this Court can address the six factors in *Colorado River*, we must determine whether the state court and federal court actions are parallel. *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997). This Court lacks power to abstain if the two actions are not parallel. *Id.* "[P]arallel cases involve the same parties and 'substantially identical' claims, raising 'nearly identical allegations and issues.'" *IFC Interconsult, AG v. Safeguard Intern. Partners, LLC.*, 438 F.3d 298, 306 (3d Cir. 2006) (citing *Yang v. Tsui*, 416 F.3d 199, 205 (3d Cir. 2005)). But, our court of appeals has yet to require complete identity of parties for abstention and finds abstention appropriate only when there are "ongoing, not completed parallel state proceedings." *Id.* BVA argues the state and federal actions are not sufficiently parallel to justify *Colorado River* abstention. (ECF Docket No. 191, at 11-12.) This Court agrees.

First, BVA argues the state and federal actions are not parallel because they involve different legal claims and BVA's Sherman Antitrust Act claim precludes review by a state court as it is under the exclusive jurisdiction of the federal district courts. (Id. at 12) (citing *Kaehly v. City of Pittsburgh*, 1997 WL 306883, at *6 (W.D. Pa. March 3, 1997) (finding against abstention because the plaintiffs' antitrust claim could not have been raised in state court given a district courts' exclusive jurisdiction over these claims)). "Brandywine Village's claims in this case are largely based on predatory conduct by Defendants that is not at issue in any ongoing state proceeding, including Giant's predatory conduct with respect to Brandywine Village's anchor supermarket space." (ECF Docket No. 191, at 13.) While the claims underlying BVA's antitrust claim involve the pending state court proceedings – condemnation and conspiracy to suppress

4

competition – this Court does not consider the state court actions parallel to the federal actions under *Colorado River* abstention. The state court proceedings should provide us guidance, but the pending state actions are not dispositive of BVA's antitrust claim given our exclusive jurisdiction over these matters. Without addressing the merits of BVA's claims, this Court alone has jurisdiction over BVA's antitrust litigation.

Second, BVA argues the state and federal actions are not parallel because they involve different parties. (Id. at 14.) There are five total cases: 1) the current federal antitrust case; 2) the state condemnation case; 3) the state declaratory judgment case; 4) the Carlino tort case; and 5) the state land use appeals. (Id. at Ex. D.) BVA argues it asserted claims in this Court against Giant Food Stores, which is not a party to any of the state actions, and the Individual Defendants – Christina Watters, Katherine Kettlety, Frank Watters, Jr., and Thomas Watters – who are parties to only one of the relevant state cases. (Id.) Although Defendants in this federal action rely on the Commonwealth Court's decision in the state condemnation proceedings as support for abstention, the parties in that action do not overlap here (Case No. 2014-11237). (ECF Docket No. 196, Ex. A.) The other state action – Carlino's tort claim against BVA, L&R Partnership, John Cropper, Richard Blair, Leonard Blair, and Paul Prince, Esq. (Case No. 2015-02938) – does not overlap with this federal action, with the exception of BVA as a party. The other state court actions relating to Carlino's land development plan and zoning appeal involve overlapping parties but still include parties not subject to this federal antitrust case. (ECF Docket No. 189, at 2-5.) Although our court of appeals has not yet required complete identity of parties for abstention, the parties in each action, including this one, are too dissimilar to warrant abstention.

*ii. Colorado River Factors*

The six factors in *Colorado River* are: 1) the court first assuming *in rem* jurisdiction to the exclusion of other courts; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which the concurrent forum obtained jurisdiction; 5) the adequacy of the state proceedings to resolve the federal claims; and 6) which forum's substantive law governs the merits of the litigation. *Colorado River*, 424 U.S. at 818-820. As a "threshold issue that must be decided in any *Colorado River* abstention case," the court must determine whether the state court and the federal court actions are parallel. As we determined above, the state and federal court actions are not parallel. Because the state and federal actions are not sufficiently parallel, we will not address the six factors from *Colorado River*. *Ryan*, 115 F.3d at 196. Accordingly, this Court lacks power to abstain.

    b. <u>A stay of the current proceedings is appropriate.</u>

The power to stay is inherent in every court and necessary to control the disposition of the "causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). But the decision to stay is "left to the trial court's broad discretion, and call[s] for the exercise of the court's judgment in 'weigh[ing] competing interests and maintain[ing] an even balance.'" *Infinity Computer Prods. Inc. v. Brother Int'l Corp.*, 2012 WL 6619200, at *4 (E.D. Pa. Nov. 16, 2012) (quoting *Landis*, 299 U.S. at 254–55)). As we already note, a stay should only be granted in "exceptional circumstances." *In re Chickie's & Pete's Wage and Hour Litigation*, 2013 WL 2434611, at *2 (E.D. Pa. June 15, 2013). Applying *Landis*, this Court considers four factors before granting a stay: "(1) the length of the requested stay; (2) the hardship that the movant would face if the stay was not granted; (3) the injury that a stay would inflict on the non-movant; and (4) whether

granting a stay would streamline the proceedings by simplifying issues and promoting judicial economy." *Vasvari v. Rite Aid Corp.*, 2010 WL 3328210, at *2 (M.D. Pa. Aug. 23, 2010) (citing *Landis*, 299 U.S. at 254–55). We address the four factors below.

First, the length of the requested stay is not specified by Defendants, nor does BVA address the length in its response. (ECF Docket No. 191.) But it is abundantly clear that the state court actions will not be promptly adjudicated given the number of appeals from the Carlino land development plan alone. While Defendants do not provide an estimated length of stay, any prediction would be speculative at best. This factor counsels against granting a stay or granting a stay with frequent status checks with this Court.

Second, Defendants may suffer hardship if a stay is not granted. Though Defendants argue hardship in relation to abstention, this Court liberally construes Defendants' hardship arguments under a request for a stay. Defendants argue: "multiple Chester County actions and connected Commonwealth Court and Superior Court appeals are extremely active, including discovery, hearings, post-trial briefing and argument that concern the same land use, zoning, and eminent domain issues over the same property." (ECF Docket No. 189, at 15.) Also, state and federal court proceedings may alter or affect discovery deadlines, briefing schedules, and in-court hearings. (Id.) This factor counsels in favor of granting a stay.

Third, a stay of this case would not inflict injury on BVA as the non-moving party. Defendants argue – again in the context of abstention – that staying this case would not inflict injury on BVA because this Court already denied BVA's request for injunctive relief and because BVA's shopping center is no longer without an anchor tenant. (Id. at 12.) In denying BVA's request for injunctive relief, we found no irreparable harm existed even before BVA secured an anchor tenant. (ECF Docket No. 171.) According to John Cropper's April 16, 2018

7

letter, he expected Crops Fresh Marketplace to open on May 10, 2018. (Id. at Ex. T.) Much of BVA's Complaint focuses on its inability to obtain an anchor tenant because of Defendants' overall anticompetitive scheme suppressing supermarket competition. (ECF Docket No. 74, at ¶¶ 2, 84-85, 95, 123-124) ("From September 2015 to present, the anchor supermarket space at Brandywine Village Shopping Center has remained vacant, and there has been no other supermarket in East Brandywine Township to service its more than 7,600 residents or the additional residents of the surrounding area in the Supermarket Market.") Because an anchor tenant recently moved into the shopping center, a stay of the proceedings would not inflict injury on BVA. This factor also counsels for the granting of a stay.

Finally, granting a stay here would streamline and simplify the proceedings for BVA, Carlino, Giant Food Stores, and Individual Defendants. Staying this action in favor of the state court actions would result in a more streamlined and simplified discovery process. Also, Defendants argue BVA's underlying claim – that Carlino conspired with the Township to exclude BVA from the Supermarket Market by filing the state tort action – is subject to whether the state court finds Carlino's tort action with or without merit. (ECF Docket No. 189, at 23.) Throughout this litigation, BVA has argued Defendants initiated "sham litigation" as one component of an overall anticompetitive scheme. (ECF Docket No. 191, at 7.) Yet, Defendants continue to prevail in state court. BVA argues the state court proceedings – the condemnation, Carlino's tort claim, and Connector Road appeal – should not affect our antitrust analysis and cannot be dispositive of its claim; yet, BVA relies extensively on these ongoing proceedings as further evidence of Defendants' anticompetitive scheme targeting BVA in order to suppress supermarket competition. (ECF Docket No. 191, at 6-7.) Staying this action allow the lower court to first determine whether the state court actions are without merit, and then allow us to

8

address BVA's "sham litigation" argument. Because multiple issues underlying BVA's antitrust claim would be litigated in state court, the proceedings here would be streamlined as this Court may rely on the findings made by the lower court.

Accordingly, after consideration of these factors, the Court finds that a stay of BVA's antitrust claim is necessary and proper under these facts.

### III. CONCLUSION

In the accompanying order, this Court denies in part and grants in part Defendants' Motion to Stay or Abstain this action in favor of the state court proceedings. Given that this federal claim and the state claims are not parallel actions, we conclude abstention is not appropriate. But, after analyzing the four factors required for a stay, we conclude a stay of this action is appropriate. BVA's claim against Carlino, Giant Food Stores, and Individual Defendants is stayed until further order of this Court.